Filed 2/26/14  In re T.M. CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re T.M., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B249504 (Super. Ct. No. JV 48803) (San Luis Obispo County) |
| SAN LUIS OBISPO COUNTY DEPARTMENT OF SOCIAL SERVICES, Plaintiff and Respondent, v. THOMAS M., Appellant. | |

Thomas M. appeals a June 14, 2013 order terminating his parental rights and freeing his son, T. M., for adoption.  (Welf. & Inst. Code, § 366.26.)[1]  Appellant claims the trial court failed to comply with the notice requirements of the Indian Child Welfare Act of 1978 (ICWA; 25 U.S.C. § 1901 et seq.).  We affirm.

*Procedural History*

On August 24, 2012, three-year old T. was placed in protective custody due to appellant's domestic violence and his mother's, Julie B., mental illness.   Appellant was arrested for assaulting mother with a deadly weapon and inflicting corporal injury.  T.

---

[1] Al statutory references are to the Welfare and Institutions Code unless otherwise stated.

saw appellant hit his mother in the head with a glass object, hold a knife to her throat, and pull her hair.

Appellant had a long term substance abuse problem and prior arrests for domestic battery, false imprisonment with violence, and assault with a deadly weapon. Family services were provided from 2009 to 2011 without success. Mother had an extensive child welfare history, suffered from substance abuse, and was diagnosed with Schizoaffective Disorder and a Personality Disorder Not Otherwise Specified with obsessive compulsive and dependent traits.

After T. was placed in protective custody on August 24, 2012, he was treated for Post Traumatic Stress Disorder. T. suffered nightmares and angry outbursts that included hitting, hair pulling, and cursing. The mother and foster mother reported that T.'s behaviors mimicked the violence appellant perpetrated T. would curse, say "I cut you," and engage in hair pulling.

San Luis Obispo County Department of Social Services (DSS) filed a second amended petition for failure to protect (§ 300, subd. (b)), severe physical abuse (§ 300, subd. (e)), no provision for support (§ 330, subd. (g)), and cruelty (§ 300, subd. (i)). At the December 19, 2012 combined jurisdiction/disposition hearing, mother waived services. Appellant submitted on reports that appellant's phone contacts aggravated T.'s behavioral and emotional problems. Appellant had already been sentenced in the domestic violence case and a criminal protective order prohibited appellant from contacting the mother or T.

The trial court denied reunification services and set the matter for a section 366.26 permanent placement hearing. Appellant filed a notice of intent to file a writ petition but the matter was dismissed as abandoned. (B245903.)

At the June 14, 2013 section 366.26 hearing, the trial court denied a 388 supplemental petition to reinstate services, found T. adoptable, and terminated parental rights. The trial court found that DSS complied with the ICWA notice requirements and that responses "have been received from Eastern Band of Cherokee, Cherokee Nation,

2

United Keetoowah Band tribes, and the Bureau of Indian Affairs.  These tribes declined intervention in this case and denied [T.'s] eligibility for enrollment."

<em>ICWA</em>

Appellant argues that DSS failed to investigate whether T. was of Indian heritage and give adequate ICWA notice.  (See § 224.3, subd. (a); *In re Alice M.*  (2008) 161 Cal.App.4th 1189, 1200-1201.)  Before the detention hearing, mother filed an ICWA-020 form alleging that she had unknown Indian ancestry.  At the August 29, 2012 detention hearing, mother stated that her father was of Cherokee heritage and was born in Oklahoma.  Mother also claimed Indian heritage through her grandmother.  Appellant denied American Indian ancestry but filed an ICWA-020 form stating "I may have Indian ancestry.  [¶]  Name of tribe(s): unknown."

DSS mailed notices to three federally recognized Cherokee tribes and the Bureau of Indian Affairs.  The tribes responded that T. is not of Indian descent.

Appellant argues that DSS was required to inquire further and interview extended family members.  (See *In re A.G.* (2012) 204 Cal.App.4th 1390, 1396.)  Alleged deficiencies in an ICWA notice are harmless where the tribes receive notice and determine that the child is not registered or eligible to register as a tribe member.  (*In re E.W.* (2009) 170 Cal.App.4th 396, 402-403.)  " 'A tribe's determination that the child is or is not a member or eligible for membership in the tribe is conclusive.'  [Citation.]" (*Alicia B. v. Superior Court* (2004) 116 Cal.App.4th 856, 865. )

Appellant faults DSS for not questioning the maternal uncle about T.'s Indian heritage.  But that was done. We granted DSS's motion to augment the record with an October 30, 2013 ICWA report summarizing the ICWA notices and tribes' responses. The report states that Social Worker Anne Sederberg contacted the maternal uncle who indicated there is no known ICWA ancestry in the family.

Appellant claims that DSS had a duty to further investigate but "ICWA does not require inquiry based on mere supposition.  [Citation.]"  (*In re K.M.* (2009) 172 Cal.App.4th 115, 119.)  Arguments about the adequacy of the ICWA notice are moot because the tribes have already determined that T. is not an Indian child or eligible to be a

3

tribe member.  (§ 224.3, subd. (e)(1); see e.g., *In re William K.* (2008) 161 Cal.App.4th 1, 12;  *Alicia B. v. Superior Court, supra,* 116 Cal.App.4th at p. 865.)  The alleged failure to provide the tribes more information is harmless error.  (Cont.Ed.Bar  Cal. Juvenile Dependency Practice (2013) § 9.21, pp. 727-728;  *In re S.B.* (2005) 130 Cal.App.4th 1148, 1162.)

*Conclusion*

Appellant is trifling with the courts.  (*In re Rebecca R.* (2006) 143 Cal.App.4th 1426, 1431.)  "ICWA is not a 'get out of jail free' card dealt to parents of non-Indian children, allowing them to avoid a termination order by withholding secret knowledge . . . "  (*Ibid.*)  Stated another way, appellant is precluded from claiming that further ICWA inquiry is required.  (*In re I. W.* (2009) 180 Cal.App.4th 1517, 1532.)  " 'Parents unable to reunite with their children have already caused the children serious harm; the rules do not permit them to cause additional unwarranted delay and hardship, without any showing whatsoever that the interest protected by the ICWA are implicated in any way.' [Citation.]"  (*Ibid*.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

4

Linda D. Hurst, Judge

Superior Court County of San Luis Obispo

_____


Roni Keller, under appointment by the Court of Appeal, for Appellant.


Rita L. Neal, County Counsel, County of San Luis Obispo, Leslie . Kraut, Deputy County Counsel, for Res[ondent.